### Frederick Ziegler v. The Pennsylvania Company.

1. INSTRUCTIONS—*To Find for the Defendant.*—Where the testimony raises a question of fact, it is error to instruct the jury to find for the defendant.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed April 13, 1896.

CASE & HOGAN, attorneys for plaintiff in error; D. D. O'BRIEN, of counsel.

GEO. WILLARD, attorney for defendant in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff sued for personal injury. No evidence was offered by the defendant as to the circumstances under which the injury was received, and no comment upon them is necessary.

The defense relied upon was a release by the plaintiff. The testimony raises a question of fact, which should have been left to the jury, whether that release was binding upon the plaintiff. It is better that we do not comment upon that testimony. If what we might say upon it would be of advantage to either party upon another trial, that party is not entitled to such advantage. No return of the money

paid by the defendant to the plaintiff was necessary to entitle the plaintiff to dispute the release, if in fact it was not his deed. Star Accident Co. v. Sibley, 57 Ill. App. 315. In such case it "is, in law, as though it had never been executed." Chi., R. I. & P. Ry. v. Lewis, 109 Ill. 120.

It was error to instruct the jury to find for the defendant. The judgment is reversed and the cause remanded.